UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Case No. _____

David Schrunk and Steven Sauer as Trustees of the Minnesota Teamsters Construction Division Health and Welfare Fund and the Minnesota Teamsters Construction Division Education and Training Fund, the Minnesota Teamsters Construction Division Health and Welfare Fund, and the Minnesota Teamsters Construction Division Education and Training Fund,

     Plaintiffs,

vs.

Mahkahta Consulting & Development Corp. d/b/a Mahkahta Trucking,

     Defendant

**COMPLAINT**

_____

Plaintiffs, as their Complaint against the Defendant state and allege as follows:

## IDENTITY OF PARTIES, JURISDICTION, VENUE

1.    Plaintiffs are Trustees of the Minnesota Teamsters Construction Division Health and Welfare Fund and the Minnesota Teamsters Construction Division Education and Training Fund ("Funds").

2.    The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).  The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"),

as amended 29 U.S.C. § 1001, et seq.   The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3.      Defendant Mahkahta Consulting & Development Corp a Minnesota business corporation that conducts business under the name Mahkahta Trucking. Defendant has a registered address of 8062 Highway 37 Eveleth, Minnesota 55734. Defendant is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4.      This is an action by the Fund's Trustees as fiduciaries to collect unpaid fringe benefit contribution payments.   Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

5.      The Funds are administered in Dakota County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

6.      The Funds re-allege and incorporate by reference paragraphs 1-5 herein.

7.      On May 10, 2019, Defendant signed a Letter of Understanding ("LOU") between itself and Teamsters General Local Union No. 346 agreeing to be bound to the Highway Heavy Collective Bargaining Agreement negotiated between Minnesota Construction Conference of Teamsters and the Associated General Contractors of Minnesota ("CBA") with certain enumerated exceptions.   Further, on May 10, 2019,

Defendant signed a To Be Bound form pursuant to which Defendant agreed to be bound to the CBA and to the Residential Driveway and Non-Residential Driveway and Parking Lot Addendum to the CBA.

8.     Defendant is bound to the LOU and CBA through at least April 30, 2023.

9.     The CBA provides that Defendant is bound to the Trust Agreement for the Minnesota Teamsters Construction Division Health and Welfare Fund.

10.     The LOU, CBA and Trust Agreement require Defendant to contribute every month, not later than the 20th day of the following month, contributions to the Funds in an amount set forth in the CBA for each hour worked by employees covered by the CBA.

11.     The LOU and CBA require Defendant to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Defendant's monthly payment to the Funds.

12.     The LOU and CBA state that Defendant shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 20th day of the month in which the report and contributions are due.

13.     The LOU and CBA require Defendant to assist and cooperate with the Trustees of the Funds and their authorized agents in properly identifying its employees covered by the LOU and CBA and the hours worked by them.

14.     In addition to the LOU and CBA, U.S.C. § 1059 requires employers such as Defendant to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

15.     If Defendant fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Defendant is liable for all of the hours worked by that individual for whom Defendant is unable to produce satisfactory records verifying the type of work being performed by that individual.

16.     The LOU and CBA provide that if Defendant sub-contacts work covered by the LOU and CBA, the subcontractor agrees to pay the benefit contributions specified in the CBA.  Additionally, if Defendant subcontracted any work covered by the LOU and CBA, the LOU and CBA require Defendant to furnish to the Trustees of the Funds or their authorized agents, upon demands, such information as Defendant possesses concerning the employees of the subcontracted employer.

17.     The LOU, CBA and Trust Agreement state that if Defendant becomes delinquent, Defendant shall be required to pay as liquidated damages an amount equal to 10% of the payment otherwise due.

18.     The LOU, CBA and Trust Agreement state that if Defendant becomes delinquent for two or more months, Defendant shall be required to pay interest on the contributions at the rate of 8% per annum from the applicable due date.

19.     The LOU, CBA and Trust Agreement state that delinquent employers will be required to pay legal fees plus reasonable attorney fees incurred by the Trustees of the Funds.

## COUNT I
## BREACH OF CONTRACT/FAILURE TO SUBMIT CONTRIBUTIONS

20.     The Funds re-allege and incorporate by reference paragraphs 1-19 herein.

21.     Defendant breached the terms of the LOU and CBA by failing to timely submit the contributions due and owing for the months of August 2019 through November 2019, January 2020, and March 2020.

22.     Pursuant to the remittance reports submitted by Defendant for the months of August 2019 through November 2019, January 2020, and March 2020, $11,465.96 is due and owing for unpaid contributions.

23.     Upon information and belief, Defendant employed individuals performing work covered by the LOU and CBA after April 30, 2020 and continues to do so.

24.     Every month, until this matter is resolved either through dismissal or judgment, Defendant will be obligated to remit fringe fund report forms as described above as required by the LOU and CBA and will be required to remit payment for the fringe benefit contributions due pursuant to the hours disclosed.

25.     If Defendant fails to remit contribution report forms on the 15th day of the month following the month in which work was performed during the pendency of this litigation, the Funds will not have an adequate means of verifying the proper amounts due and owing to the Funds, nor will the Funds have adequate means of ascertaining the proper allocation of such contributions to Defendant's employees.

26.     In the absence of this Court's order as requested, the Funds are without adequate remedy at law and will be subject to irreparable harm.

27.     Defendant should be enjoined from further refusal and failure to remit reports and contributions.

28.     Defendant is liable to the Funds for the LOU/CBA-obligated fringe benefit amounts for all hours worked by its employees for whom Defendant is unable to produce satisfactory records verifying the type of work performed by any such individuals.

29.     Pursuant to the LOU and CBA, Defendant is liable to the Funds for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements incurred by the Funds in enforcing their rights and collecting the amounts due.

30.     Defendant is liable to the Funds for liquidated damages in the amount of ten percent of the unpaid contributions and interest charges on the unpaid contributions due and owing for the months of August 2019 through November 2019, January 2020, and March 2020 and any other month that becomes due and owing during the pendency of this litigation pursuant to the LOU and CBA.

## COUNT II
## ERISA DAMAGES

31.     The Funds re-allege and incorporate by reference paragraphs 1-30 herein.

32.     The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

33.     The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

34.     The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Defendant as follows:

1.    For judgment against Defendant in the amount of $11,465.96 for unpaid contributions due and owing for the months of August 2019 through November 2019, January 2020, and March 2020.

2.    For an order requiring Defendant to submit to Plaintiffs all reports or calculations for contributions which become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its employees covered by the LOU and CBA.

3.    For judgment for amounts to be proven at trial for delinquent contributions shown to be owing pursuant to those calculations, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

4.    For an award of costs, disbursements and attorney fees according to law.

5.    Such other and future relief as the Court deems just, equitable or proper.

Date:  May 4, 2020                        MCGRANN SHEA CARNIVAL
                                          STRAUGHN & LAMB, CHARTERED


                              By:    s/ Amy L. Court
                                     Carl S. Wosmek (Atty. No. 300731)
                                     Amy L. Court (Atty. No. 319004)
                                     Christy E. Lawrie (Atty. No. 388832)
                                     800 Nicollet Mall, Suite 2600
                                     Minneapolis, MN 55402
                                     Telephone: (612) 338-2525
                                     csw@mcgrannshea.com
                                     alc@mcgrannshea.com
                                     cel@mcgrannshea.com

                                     *Attorney for Plaintiffs*

1231641.DOCX